IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN A. DAVIS,** | : | CIVIL ACTION NO. 1:22-CV-649 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DR. MACE,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff, Keenan A. Davis, alleges that defendant Ellen Mace Leibson[1] violated his rights under the Eighth Amendment and committed negligence by failing to treat his injuries following his fall from a bunk bed.  Mace Leibson has moved to dismiss.  The motion will be granted.

**I.      Factual Background & Procedural History**

Davis has been incarcerated in the Schuylkill Federal Correctional Institution at all relevant times.  According to the complaint, Davis was in the top bunk of his cell on November 17, 2020 when he suffered a diabetic seizure caused by receiving too much insulin.  (Doc. 1 at 4).  The seizure allegedly caused him to fall from the bunk, strike his head on a table, and "bite completely through" his "jaw/face."  (<u>Id.</u>)  The complaint avers that Davis was not examined by medical staff

---

[1] Mace Leibson is sued as "Dr. Mace" in Davis's complaint.  We construe all references in the complaint to Mace to refer to Mace Leibson.

until the next day, at which point Mace Leibson allegedly denied him stitches to treat his cut and refused to have him transferred to an outside facility to determine whether he had a concussion.  (Id.)  Davis alleges that he continues to suffer head aches and back aches as a result of the fall.  (Id.)

Mace Leibson filed the instant motion to dismiss on October 6, 2022 and a supporting brief on October 20, 2022.  (Doc. 15).  Davis has not responded to the motion, and the deadline for doing so has expired under the Local Rules.  The motion is ripe for review.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.     Discussion**

Mace Leibson argues that Davis's negligence claim should be dismissed for failure to exhaust administrative remedies and because Davis has failed to file a certificate of merit in connection with the claim.  Mace Leibson additionally argues that Davis's Eighth Amendment deliberate indifference claim should be dismissed for failure to state a claim upon which relief may be granted.

We agree that dismissal of the negligence claim is appropriate for Davis's failure to file a certificate of merit.  Under Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff must file a certificate of merit in any case in which the plaintiff alleges that "a licensed professional deviated from an acceptable professional standard" within sixty days after filing the complaint.  PA. R. CIV. P. 1042.3.  Rule 1042.3 is substantive state law that must be applied by federal courts.  Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).  Davis filed his complaint on May 3, 2022, so he was required to file a certificate of merit no later than July 3, 2022.  Because he has not filed a certificate of merit as of the date of this opinion, we will dismiss his negligence claim pursuant to Rule 1042.3.[2]

Turning to the deliberate indifference claim, prima facie claims of deliberate indifference to a serious medical need require allegations of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582

---

[2] Davis's deliberate indifference claim will not be dismissed for failure to file a certificate of merit.  Certificates of merit are not required for deliberate indifference claims.  See, e.g., Crawford v. McMillan, 660 F. App'x 113, 116 (3d Cir. 2016).

(3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Davis does not allege sufficient facts to state a deliberate indifference claim against Mace Leibson.  As an initial matter, there is no allegation Mace Leibson was involved in giving Davis too much insulin prior to his diabetic seizure.  See, e.g. Jutrowski v. Township of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that defendant must be personally involved in alleged civil rights violation).  As for the alleged denial of medical care after the seizure, Davis asserts only that he was denied certain care—specifically, stitches and transfer to an outside facility for a concussion evaluation.   His complaint is silent, however, as to the actual elements of a deliberate indifference claim; that is, Davis does not allege that the requested care was medically necessary, nor does he allege facts demonstrating Mace Leibson knew of and was deliberately indifferent to that serious medical need.  See Natale,

318 F.3d at 582.  Absent such allegations, Davis's blanket assertion that he was denied medical care fails to state a claim for which relief may be granted.[3]

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We will deny further leave to amend as futile with respect to Davis's negligence claim because the claim fails as a matter of law.  We will grant leave to amend with respect to the deliberate indifference claim because the claim is factually, rather than legally, deficient.

**IV.    Conclusion**

We will grant defendant's motion to dismiss, dismiss Davis's negligence claim with prejudice, dismiss his deliberate indifference claim without prejudice, and grant him leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 28, 2023

---

[3] The court additionally notes that expanding Bivens to a new context is a "disfavored" judicial activity.  Egbert v. Boule, 596 U.S. __, 142 S. Ct. 1793, 1797 (2022) (quoting Ziglar v. Abbasi, 582 U.S. 120, 135 (2017)).  If a case is meaningfully different from the three cases in which the Supreme Court has explicitly recognized a Bivens remedy—Bivens, 403 U.S. at 388; Davis v. Passman, 442 U.S. 228, 248-49 (1979), and Carlson v. Green, 446 U.S. 14, 18-23 (1980)—the court must consider whether any special factors counsel against extending the Bivens remedy to the case.  Given the sparse allegations made with respect to Davis's deliberate indifference claim, the court cannot distinguish this case from the deliberate indifference claim at issue in Carlson on the present record.